IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH L. MYERS, *et al.*,

    Plaintiffs,

v.

BRICKLAYERS AND MASONS
LOCAL 22 PENSION PLAN, *et al.*,

    Defendants.

Case No. 3:13-cv-75

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO
VACATE ORDER SUSTAINING DEFENDANTS BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL PENSION FUND AND THE
BOARD OF TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND'S MOTION TO DISMISS (DOC. #53)

---

On November 25, 2013, the Court issued a Decision and Entry Sustaining Defendants Bricklayers and Trowel Trades International Pension Fund and the Board of Trustees of the Bricklayers and Trowel Trades International Pension Fund's Motion to Dismiss the Amended Complaint as to them. Doc. #40. This matter is currently before the Court on Plaintiffs' Motion to Vacate that Order. Doc. #53.

I. **Background and Procedural History**

After suffering a heart attack, Plaintiff Kenneth Myers applied for disability retirement benefits through the Bricklayers and Trowel Trades International Pension

Fund ("IPF"). Although his claim was initially approved, his award of benefits was suspended after the IPF learned that Myers had worked for a period of time in noncovered masonry employment. According to Article IV, §4.09(e) of the IPF Plan, this rendered him ineligible for disability retirement benefits.

Myers and his wife, Kim, filed suit alleging that § 4.09(e) of the IPF violates the non-forfeiture and anti-cutback provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1053-54. The IPF and its Board of Trustees (collectively "the IPF Defendants") moved to dismiss the claims, arguing that, because disability retirement benefits are non-accrued employee welfare benefits, ERISA's non-forfeiture and anti-cutback provisions do not apply. The Court agreed and, on November 25, 2013, sustained the motion to dismiss. Doc. #40. The Court relied, in large part, on *McBarron v. S&T Industries, Inc.*, 771 F.2d 94, 98 (6th Cir. 1985), in which the Sixth Circuit held that a plan maintained for the purpose of providing disability benefits is considered an employee welfare benefit plan, exempt from ERISA's anti-forfeiture provision.

## II.     Motion to Vacate

On April 9, 2014, more than four months after the Court issued its Decision and Entry, Plaintiffs moved to vacate that Order, arguing that "the Defendants likely lack standing to assert that the IPD Disability Pension is anything other than an accrued benefit." Doc. #53, PageID#941. Nevertheless, Plaintiffs' argument has nothing to do with "standing," in the traditional sense of the word. Rather,

2

Plaintiffs' argument is based on an alleged violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5)(C).

Section 186 regulates financial transactions between employers and labor organizations in an effort to ensure integrity in the collective bargaining process, and to prevent bribery, extortion and abuse of power. *Toyota Landscaping Co., Inc. v. S. Cal. Dist. Council of Laborers*, 11 F.3d 114, 117-18 (9th Cir. 1993). With limited exceptions, it is illegal for employers and their agents to give money or anything of value to labor organizations. 29 U.S.C. § 186(a). One exception to this rule allows employers to contribute money to pension plans and employee welfare benefit plans if the payments are held in trust for the employees and their families. 29 U.S.C. § 186(c)(5). However, "such payments as are intended to be used for the purpose of providing pensions or annuities for employees" must be "made to a separate trust which provides that the funds held therein cannot be used for any purpose other than paying such pensions or annuities." 29 U.S.C. § 186(c)(5)(C).

According to Plaintiffs, because the IPF commingles its pension funds and disability retirement funds in violation of § 186(c)(5)(C), the IPF Defendants should be precluded from arguing that the disability retirement benefits at issue are non-accrued employee welfare benefits that are exempt from ERISA's non-forfeiture and anti-cutback provisions. Plaintiffs further argue that because the plan at issue in *McBarron* was not subject to § 186, *McBarron* is not dispositive.

3

The IPF Defendants urge the Court to deny Plaintiffs' motion on procedural and substantive grounds. The IPF Defendants first argue that Plaintiffs have failed to identify any procedural basis for the Motion to Vacate. To the extent that Plaintiffs' motion is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), Defendants contend that Plaintiffs have failed to establish any available grounds for relief.

In their reply brief, Plaintiffs point out that Rule 60(b) applies only to final judgments and orders. Because, at the time the November 25, 2013, Decision and Entry was issued, Plaintiffs' claims against the co-defendants, Bricklayers and Masons Local 22 Pension Plan and its Board of Trustees, remained pending, it was not a final order. Plaintiffs rely instead on Federal Rule of Civil Procedure 54(b), which governs situations involving multiple claims or multiple parties. This Rule provides that any order that adjudicates the liabilities of fewer than all the parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In appropriate circumstances, Rule 54(b) may be used to reinstate a previously-dismissed defendant. *See Ind. State Dist. Council of Laborers and HOD Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 719 F.3d 498, 510 (6th Cir. 2013) (Gwin, J., concurring), *cert. granted*, 134 S. Ct. 1490 (2014).

Although Rule 54(b) may provide the Court with the authority to revisit its previous order, Plaintiffs have failed to establish a reason to do so in this case. As Judge Gwin noted in his concurring opinion in *Omnicare*:

4

> The district court's ability to reconsider past rulings must be tempered by "the sound public policy that litigation be decided and then put to an end." *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973).
>
> In deciding whether to revisit previously dismissed claims or parties, a district court may consider "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 Fed. Appx. at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). Simple reargument of evidence that had been available at the time of the earlier decision is usually not enough to warrant reconsideration. *Id*.

*Id*.

In this case, Plaintiffs cite to no intervening change of controlling law. Nor is the motion to vacate based on newly discovered evidence. There is no reason why Plaintiffs could not have raised the "separate trust" argument in a more timely fashion. Plaintiffs contend that they were unable to confirm that the IPF's pension funds were commingled with employee welfare benefit funds because, although they asked Defendants to provide a copy of the relevant trust agreement, Defendants did not comply with the discovery request prior to filing their motion to dismiss.

However, when Plaintiffs filed their motion to vacate, Defendants had still not produced a copy of the trust agreement. Therefore, it cannot be said that Plaintiffs' motion was based on newly discovered evidence. Rather, the "separate trust" argument was simply a new argument, overlooked by Plaintiffs in the earlier proceedings.

True, Defendants subsequently admitted, in their memorandum in opposition to the motion to vacate, that the IPF Pension Plan provides disability retirement benefits "from the same trust that provides the normal retirement benefit." Doc. #58, PageID#968. But even assuming *arguendo* that this constitutes a technical violation of § 186(c)(5)(C), Plaintiffs have failed to establish that the Court must vacate its November 25, 2013, Decision and Entry in order to correct a clear error or prevent manifest injustice. A "clear error" is one that is so egregious or so "dead wrong" that the appellate court could not affirm the judgment. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 809 (N.D. Ohio 2010).

Plaintiffs have not established clear error concerning the Court's reliance on *McBarron*. Plaintiffs maintain that because *McBarron* does not refer to a trust, a union, a collective bargaining agreement or the LMRA, it must be inferred that the plan at issue in that case was not subject to § 186(c)(5)(C)'s "separate trust" rule.

Defendants counter that, even if this is true, it has no impact on *McBarron*'s holding that a disability benefit plan is an employee welfare benefit plan, exempt from ERISA's non-forfeiture provision. They cite several other cases involving trust funds subject to collective bargaining agreements, in which courts have likewise held that ERISA's anti-cutback and non-forfeiture provisions do not apply to disability retirement pension plans. *See Anderson v. Suburban Teamsters of N. Ill. Pension Fund Bd. of Trustees*, 588 F.3d 641, 650-51 (9th Cir. 2009); *Rombach v. Nestle USA, Inc.*, 211 F.3d 190, 193-94 (2d Cir. 2000); *Green v. Holland*, 480 F.3d 1216, 1228 (11th Cir. 2007).

6

Regardless of whether the plan in *McBarron* was subject to § 186(c)(5)(C)'s "separate trust" rule, and regardless of whether the IPF Defendants violated that rule, this does nothing to change the fact that a benefit triggered by a disability constitutes an "employee welfare benefit plan" that is exempt from ERISA's anti-cutback and non-forfeiture provisions. *See McBarron*, 771 F.2d at 98; *Gibbs v. CIGNA Corp.*, 440 F.3d 571, 576 (2d Cir. 2006); *Rombach*, 211 F.3d at 193-94; *Anderson*, 588 F.3d at 650-51; *Green*, 480 F.3d at 1228. Accordingly, there is no need to vacate the Court's previous order to correct a clear error. Because the IPF's disability retirement plan is exempt from ERISA's anti-cutback and non-forfeiture provisions, Plaintiffs did, in fact, fail to state a claim upon which relief can be granted.

Likewise, there is no need for the Court to vacate its order to prevent manifest injustice, particularly because it has held that Myers is entitled to other disability retirement benefits through the Bricklayers and Masons Local 22 Pension Plan. Doc. #59.[1]

In short, not only is Plaintiffs' "separate trust" argument untimely, it is also meritless. The evils addressed by 29 U.S.C. § 186, concerning bribery, extortion

---

[1] In their reply brief, Plaintiffs also argue, for the first time, that the IPF Defendants, having stated that the trust fund is a "qualified trust under Section 401(a) of the Internal Revenue Code," should be equitably estopped from asserting that the disability retirement plan is an employee welfare benefit. Because the opposing party has had no opportunity to respond to this argument, the Court need not consider it. *See Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012).

7

and kickbacks in the collective bargaining context, have nothing to do with the question of whether a disability retirement plan constitutes an "employee welfare benefit plan" for purposes of determining the applicability of ERISA's anti-cutback and non-forfeiture provisions. Therefore, it is not surprising that Plaintiffs point to no authority in support of their argument that the IDP Defendants, having allegedly violated § 186(c)(5)(C)'s "separate trust" rule, are precluded from arguing that their disability retirement plan is exempt from these two provisions.

For these reasons, the Court OVERRULES Plaintiffs' Motion to Vacate Order Sustaining Defendants Bricklayers and Trowel Trades International Pension Fund and the Board of Trustees of the Bricklayers and Trowel Trades International Pension Fund's Motion to Dismiss, Doc. #53.

Date: November 17, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

8