IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH L. MYERS, *et al.*,

    Plaintiffs,

  v.

BRICKLAYERS & MASONS
LOCAL 22 PENSION PLAN, *et al.*,

    Defendants.

:
:
:
:
:

Case No. 3:13-cv-75

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES AND EXPENSES OF SUIT (DOC. #63, AS SUPPLEMENTED BY DOCS. ##67 AND 70); AWARDING ATTORNEY FEES AND EXPENSES TO PLAINTIFFS IN THE AMOUNT OF $108,150.00; JUDGMENT TO ENTER ACCORDINGLY; TERMINATION ENTRY

---

This matter is before the Court on Plaintiffs' Motion for Attorney Fees and Expenses of Suit, Doc. #63, as supplemented by Docs. ##67 and 70. In all, Plaintiffs seek a total of $121,030.00 in fees and expenses. For the reasons set forth below, Plaintiffs' motion is SUSTAINED IN PART and OVERRULED IN PART. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiffs are entitled to recover $108,150.00 in attorney fees and expenses from Defendants Bricklayers & Masons Local 22 Pension Plan and its Board of Trustees (the "Local 22 Defendants" or "Defendants").

I.  **Background and Procedural History**

Plaintiffs Kenneth Myers ("Myers") and his wife, Kim, filed suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against the Local 22 Defendants, challenging the denial of Myers' claim for disability retirement benefits.[1]  On July 15, 2014, the Court issued a Decision and Entry, sustaining Plaintiffs' motion for summary judgment as to the Local 22 Defendants, and ordering those Defendants to pay retroactive disability retirement benefits.  The Court also granted Plaintiffs' request for attorney fees and expenses, and directed Plaintiffs to submit an appropriate motion within 30 days.  Doc. #59.  The Court certified the decision under Federal Rule of Civil Procedure 54(b), and entered final judgment in Plaintiffs' favor.[2]  Docs. ##60, 61.

On August 4, 2014, Plaintiffs filed their Motion for Attorney Fees and Expenses of Suit, seeking $101,750.00.  Doc. #63.  That motion was supported by several affidavits, billing records and other documents.

On August 14, 2014, the Local 22 Defendants filed a Notice of Appeal from the Court's July 15, 2014, Decision and Entry.  Doc. #64.  Then, on August 25, 2014, they filed their memorandum in opposition to Plaintiffs' motion for attorney

---

[1] On November 25, 2013, the Court dismissed other ERISA claims that Plaintiffs had filed against Bricklayers and Trowel Trade International Pension Fund and its Board of Trustees.  Doc. #40.

[2] At the time, a motion to vacate the November 25, 2013, Decision and Entry, filed by Defendants Bricklayers and Trowel Trade International Pension Fund and its Board of Trustees, was not yet fully briefed.  The Court overruled that motion on November 17, 2014.  Doc. #74.

fees, Doc. #65, in which they asked the Court to reconsider its finding that Plaintiffs were entitled to *any* award of fees and expenses. In the alternative, Defendants argued that the fees and expenses requested were excessive.

Plaintiffs filed a reply on September 2, 2014, Doc. #66, arguing that because the July 15, 2014, judgment had been appealed, this Court lacked jurisdiction to reconsider the question of entitlement to fees and expenses. Plaintiffs further denied that the fee request was excessive.

On September 16, 2014, the Local 22 Defendants voluntarily dismissed their appeal. Doc. #67-1. On that same date, Plaintiffs filed a supplement to their motion for attorney fees, Doc. #67, seeking an additional $8,000.00 in such fees for expenses incurred in connection with the reply brief and the appeal.

In reviewing the pending motion, the Court construed Defendants' request for reconsideration of the question of Plaintiffs' entitlement to attorney fees as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), and gave the parties additional time to brief that specific issue. Plaintiffs filed their memorandum in opposition, Doc. #71, along with a Second Supplement to Plaintiffs' Motion for Attorney Fees, Doc. #70, seeking an additional $11,280.00, for expenses incurred in connection with drafting that memorandum, and completing paperwork necessary to obtain the disability retirement benefits previously ordered by the Court.

The Local 22 Defendants filed their reply brief on November 6, 2014. Doc. #72. In addition to briefing the issue of entitlement to fees, Defendants also

3

challenged the amount of Plaintiffs' supplemental fee requests, arguing that "fees-on-fees" should be limited to 3% of the hours logged in the main action. Plaintiffs then filed a sur-reply, responding to that discrete issue. Doc. #73.

II.   Discussion

   A.   Entitlement to Fees and Expenses

The Court first revisits the question of whether Plaintiffs are entitled to attorney fees and expenses of suit. A subsection of ERISA allows the court "in its discretion" to "allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Before a court can award fees under this statute, the fee claimant must show "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). In this case, Plaintiffs have done so, given that the Court awarded retroactive disability retirement benefits to Myers.

In deciding whether to award such fees and costs, the Court may also consider the following factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006) (citing *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)). No one

4

factor is dispositive, and there is no presumption that attorney fees will be awarded. *Id.*[3]

In its July 15, 2014, Decision and Entry, the Court analyzed these factors and concluded that Plaintiffs were entitled to fees and expenses. The Court noted that "Defendants completely disregarded the fact that Myers had received short-term disability benefits, and failed to credit him for those 'Hours of Service' despite the fact that the Plan documents specifically incorporate Department of Labor regulations governing this issue, and specifically state that employees will not suffer a 'Break-in-Service' if the failure to complete 435 hours in a Plan Year is due to an approved disability." Doc. #59, PageID##998-99. The Court found that Defendants had adequate resources to satisfy the award, and that an award would deter other plan administrators from denying benefits without first thoroughly reviewing the record. The Court also found that the relative merits of the parties' positions weighed in favor of an award. *Id.* at PageID#999. Having determined that Plaintiffs were entitled to attorney fees and expenses, the Court directed Plaintiffs to file an appropriate motion.

In seeking reconsideration of this issue in the context of their memorandum in opposition to the motion for attorney fees, the Local 22 Defendants correctly note that the Court made its entitlement determination without the benefit of full

---

[3] In *Hardt*, the Supreme Court held that because these factors "bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section." 560 U.S. at 254-55.

5

briefing by either party, relying instead on a one-sentence request included in Plaintiffs' motion for summary judgment, Doc. #41, PageID#388. In the Court's view, under the circumstances presented here, it was only fair that Defendants be given the opportunity to be heard on this issue, despite Plaintiffs' objections to the contrary.[4] For this reason, the Court construed Defendants' memorandum as a motion for relief from judgment under Rule 60(b), and asked for additional briefing.

Plaintiffs maintain that, even if the Court has authority to consider Defendants' arguments, Defendants have failed to establish sufficient grounds for relief under Rule 60(b). According to Plaintiffs, the only subsection that could arguably apply is 60(b)(6), the catch-all provision, which allows the Court to vacate a final judgment or order for "any other reason that justifies relief." This catch-all provision is to be applied only in "unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Plaintiffs maintain that Defendants have failed to meet this high standard.

Alleging a "substantive mistake of law," Defendants argue that Rule 60(b)(1) may also apply. In the alternative, Defendants suggest that, because the Court has not yet determined the *amount* of attorney fees and expenses to be awarded,

---

[4] Plaintiffs maintain that Defendants, having failed to file a timely Rule 59(e) motion to alter or amend the judgment, and having voluntarily dismissed their appeal of the Decision and Entry that encompassed the entitlement holding, are prohibited from seeking reconsideration of this issue in connection with the pending motion.

the Court can simply reconsider its *entitlement* holding pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to revise an order "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."

Regardless of whether the Court considers Defendants' arguments under Rule 60(b)(1), 60(b)(6), or under Rule 54(b), it finds no basis for reversing its previous holding that Plaintiffs are entitled to attorney fees and expenses under 29 U.S.C. § 1132(g)(1). Not only did Plaintiffs achieve total success on the merits, but the Court continues to believe that an analysis of the relevant factors supports a fee award in this case.

As to the first factor, Defendants deny that there is any evidence that they acted in bad faith. They claim that, during the administrative proceedings, it was incumbent on Myers to present evidence to prove that he had not suffered a Break-in-Service, and that his failure to point out that he received short-term disability payments in 2010 resulted in the denial of his claim.

This information, however, was included in the Social Security Administration's decision, attached to documents he submitted in support of his claim. Defendants maintain that the Plan Administrator had no duty to search the record for this information and, even if a duty existed, the error was unintentional. They further contend that the fact that the Court found the denial of benefits to be arbitrary and capricious does not necessarily support a finding that they acted in bad faith.

Notably, the first factor references "culpability *or* bad faith." *Moon*, 461 F.3d at 642 (emphasis added). As one court has noted, the two are not the same. *See Pelchat v. UNUM Life Ins. Co. of Am.*, No. 3:02cv7282, 2003 U.S. Dist. LEXIS 10709, at *6 n.1 (N.D. Ohio June 16, 2003) ("Culpability is merely defined as 'blameworthiness.'"). Although Defendants' conduct may not rise to the level of bad faith, Defendants were clearly culpable in failing to give Myers credit for the hours when he was on short-term disability. The Sixth Circuit has held that attorney fees are appropriately awarded "[w]here a plan administrator engages in an inadequate review of the beneficiary's claim or otherwise acts improperly in denying benefits." *Shelby County Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 377 (6th Cir. 2009).

With respect to the second factor, Defendants do not deny that they have the financial ability to pay attorney fees. With respect to the third factor, they argue that because there was no deliberate misconduct, a fee award serves no useful deterrent purpose. Again, although Defendants may not have acted intentionally, they did recklessly disregard the fact that Myers had received short-term disability benefits. The award of attorney fees will serve to discourage other plan administrators from denying benefits without thoroughly reviewing the claim.

As the Court previously held, because Myers is seeking benefits only for himself, and not for the common benefit of others, the fourth factor cuts against an award of fees. In the Court's view, however, the final factor—

the relative merits of the parties' positions—also weighs in favor of an award.

Having reconsidered the question of Plaintiffs' entitlement to attorney fees and expenses, and reached the same conclusion, the Court's next task is to determine an appropriate amount.

### B. Amount of Fees and Expenses

Plaintiffs have requested a total of $121,030.00 in attorney fees and expenses, broken down as follows:

```
Attorney fees (301.5 hours x $400/hr.)    =    $120,600.00
Filing fee                                =    $     350.00
Contract Paralegal                        =    $      80.00
                                               $121,030.00
```

### 1. Attorney Fees

The Court uses the "lodestar" method in determining the reasonableness of Plaintiffs' request. The lodestar amount consists of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar amounts represents a reasonable fee. *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

The Court may, however, adjust that amount up or down based on factors first enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Hensley*, 461 U.S. at 434 n.9. These factors include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform

the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999).

### a. Hourly Rate

Plaintiffs' counsel, Konrad Kuczak, requests $400 per hour for services rendered in this litigation. In his affidavit, he notes that he has practiced law for more than forty years, has frequently handled ERISA matters for clients seeking benefits from collectively-bargained pension and welfare plans, and is admitted to practice in the United States Supreme Court, and numerous circuit courts and district courts. Doc. #63-1, PageID##1030-31.

Plaintiffs have also submitted the affidavit of Joseph P. McDonald, whose law firm, McDonald & McDonald Co., LPA, represents plaintiffs in Social Security and ERISA cases in the Dayton, Ohio area. Doc. #63-6, PageID##1048-50. McDonald, who has practiced law for more than twenty years, notes that Judge Timothy Black approved an hourly rate of $350 for him a few years ago in an ERISA case. *See Niswonger v. PNC Bank Corp. and Affiliates Long Term Disability Plan*, No. 3:10-cv-377, 2011 WL 4543929, at *5 (S.D. Ohio Sept. 29, 2011). McDonald also cites to *Javery v. Lucent Technologies Inc. Long-Term Disability Plan*, No. 2:09-cv-00008, 2014 WL 2779427, at **6-7 (S.D. Ohio June 19,

2014), in which Judge Gregory Frost awarded an attorney with twenty-five years of experience an hourly rate of $375 in an ERISA case. McDonald avers that, in Kuczak's requested rate of $400 per hour is reasonable, given the number of years that Kuczak has practiced law, the number of local attorneys who represent plaintiffs in these types of cases and the specialized issues involved. Doc. #63-6, PageID#1050.

Notably, Defendants in this case have not raised any objections to the requested hourly rate. The Court finds that the $400 hourly rate requested is reasonable, based on Kuczak's years of experience, both generally and in this particular area of the law. The requested hourly rate falls within an acceptable customary range for local attorneys of comparable skill and experience.

### b. Hours Expended

According to the billing records submitted by Kuczak, he has spent 301.5 hours working on Plaintiffs' claims against the Local 22 Defendants. Defendants lodge four specific objections to the number of hours claimed.

### i) Administrative Phase

"ERISA does not authorize recovery of attorneys' fees for work performed during the administrative exhaustion phase of a benefits proceeding." *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 456 (6th Cir. 2000). Defendants therefore argue that all time entries dated prior to March 13, 2013, the date the Complaint was filed, should be excluded. This amounts to 29.8 hours.

Plaintiffs, however, fully exhausted their administrative remedies in January of 2012, without the assistance of counsel, more than ten months before they consulted Mr. Kuczak. *See* Doc. #63-4, PageID#1046. Therefore, none of the time entries at issue relate to work performed during the administrative exhaustion phase. The Court finds that the 29.8 hours at issue are compensable as pre-litigation expenses.

### ii) Shared Time

The Local 22 Defendants also cite to twelve time entries for tasks that are arguably related not only to Plaintiffs' claims against them, but also to Plaintiffs' claims against the other defendants, Bricklayers and Trowel Trade International Pension Fund and its Board of Trustees. Defendants argue that these time entries, totaling 24.35 hours, should be reduced by 50%.

Kuczak notes, however, that the time entries already take the division of labor into account. The affidavit he submitted in support of the attorney fee motion specifically states that he has already separated his time records, and deducted time spent on tasks related to Plaintiffs' claims against the other defendants. Doc. #63-1, PageID#1030. Because Defendants' objection is not supported by the factual record, the Court finds that Plaintiffs are entitled to fees for the full 24.35 hours.

### iii) Unrelated Phone Call

Defendants also object to .35 hours charged for a July 23, 2013, phone call to the client. The relevant time entry reads as follows: "Client wants to know if he

12

can sue Local 22 for not putting him out on jobs which required him to seek management employment.  Advised client that statute of limitations for unfair representation is 90 days and has long since expired."  Doc. #63-3, PageID#1036.  Defendants maintain that this task is unrelated to any claims made against them and should be excluded from consideration.

Plaintiffs, however, maintain that the phone call was prompted by Defendants' argument implying that Myers was to blame for not taking enough union assignments to qualify him for disability retirement benefits, and note that Defendants had subpoenaed Myers' non-union employers in connection with the litigation.  The Court finds that this expense is closely enough related to the asserted claims to be compensable.

### iv) "Fees on Fees"

In *Coulter v. State of Tennessee*, 805 F.2d 146 (6th Cir. 1986), the Sixth Circuit considered the question of recoverability of attorney fees for time spent preparing attorney fee applications, *i.e.*, "fees-on-fees."  The court held that, "[a]lthough time spent in preparing, presenting, and trying attorney fee applications is compensable[,] some guidelines and limitations must be placed on the size of these fees." *Id.* at 151.  It concluded that "[i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial." *Id.*

13

The Local 22 Defendants argue that, using this standard of measurement, Plaintiffs' attorney fee request is clearly disproportionate. They ask the Court to limit the fees-on-fees to 3% of the fees in the main case. Looking only at the supplemental fee requests set forth in Documents #67 and #70, Defendants note that 34.3 hours (of the 48.2 additional hours claimed) are related to the attorney fee applications. They further note that this constitutes more than 13% of Plaintiffs' initial request for $101,750 in attorney fees for 253.3 hours of work. Defendants fail to point out that, of the 253.3 hours included in the initial fee request, 15.45 of those hours (from 7/16/14 through 8/4/14) are *also* related to the application for attorney fees.

By the Court's calculations, of the 301.5 total hours claimed by Plaintiffs' counsel, 49.75 hours are related to the attorney fee application; 251.75 are not. The "fees-on-fees" portion therefore makes up approximately 19% of the entire bill. If *Coulter*'s 3% cap is applied to the 251.75 hours that are unrelated to the fee application, the "fees-on-fees" portion would be limited to 7.55 hours in this case. Plaintiffs seek recovery of more than six times that amount.

Plaintiffs correctly note that the attorney fees at issue in *Coulter* arose under the fee-shifting provision of a civil rights statute. Nevertheless, the *Coulter* rule has also been applied in the ERISA context. *See, e.g., Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 995 F. Supp. 2d 835, 843 (S.D. Ohio 2014).

14

Citing *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 751 (E.D. Mich. 2014), Plaintiffs argue that the 3% cap is not appropriate in ERISA cases. In *Potter*, the court cited two reasons for rejecting defendant's request to limit "fees-on-fees" to 3%. First, it relied on *Klein v. Central States, Southeast and Southwest Areas Health & Welfare Plan*, 621 F. Supp. 2d 537, 544-45 (N.D. Ohio 2009), in which the court reasoned that the limitation should not be applied "to cases in which most of an attorney's work occurs in administrative proceedings before the case reaches the district court." That justification, however, does not exist for Plaintiffs in this case since they did not retain counsel until long after their administrative remedies were exhausted.

The second reason cited by the *Potter* court was that the plaintiff's fee request had been vigorously challenged by the opposing party, forcing plaintiff's counsel to spend more time than usual responding to the arguments raised. Plaintiffs argue that the same justification applies here. Plaintiffs' counsel cites three "novel and unusual issues" that he had to confront in connection with the fee application: (1) Defendants' assertion that his bills included work that should have instead been attributed to the other co-defendants; (2) Defendants' assertion that none of the work leading up to the filing of the complaint was compensable; and (3) the question of whether Defendants, who voluntarily dismissed their appeal of an order encompassing the issue of entitlement to attorney fees, could still challenge the issue of entitlement.

In reviewing the billing records, it appears that Plaintiffs' counsel spent approximately 20 hours (on August 26, 27 and 28, and October 20 and 21, 2014) researching these particular issues. In the Court's view, although *some* research on these matters was warranted, and justifies departing upward from the 3% cap, 20 hours of research was probably not needed. Because the Court believes that 10 hours should have been sufficient, it will adjust the award accordingly.

Based on the above, the Court finds that Plaintiffs' "fees-on-fees" request is excessive. Plaintiffs may recover fees equal to the 3% cap (7.55 hours), plus an additional 10 hours for the novel issues presented in this case, for a total "fees-on-fees" allowance of 17.55 hours. This is 32.2 hours less than the 49.75 hours requested. Accordingly, the Court will reduce Plaintiffs' total fee request of $120,600.00 by $12,880.00 (32.2 hours x $400/hour), resulting in a net attorney fee award of $107,720.00.

The Court has considered the *Johnson* factors discussed above and concludes that no further adjustments to the lodestar amount are warranted. As the Supreme Court noted in *Hensley*, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." 461 U.S. at 434 n.9.

  2. **Other Expenses**

Plaintiffs also seek to recover their $350 filing fee, and $80.00 for contract paralegal services. The Local 22 Defendants urge the Court to cut the requested $350 filing fee by 50% to account for the fact that the Complaint was filed not

16

only against them, but also against the Bricklayers and Trowel Trade International Pension Fund and its Board of Trustees. As Plaintiffs' counsel point out, however, the filing fee remains the same regardless of the number of defendants named. The Court finds the full $350 filing fee to be compensable as a necessary expense of litigation.

Defendants have not objected to the $80.00 charge for contract paralegal services. The Court finds that charge to be reasonable and compensable. Accordingly, in addition to attorney fees, the Court awards Plaintiffs $430.00 in other expenses.

III.  **Conclusion**

For the reasons set forth above, the Court SUSTAINS IN PART and OVERRULES IN PART Plaintiffs' Motion for Attorney Fees and Expenses of Suit, Doc. #63, as supplemented by Docs. ## 67 and 70. Plaintiffs are entitled to recover $108,150.00 ($107,720.00 in attorney fees, plus $430.00 in costs) from Defendants Bricklayers & Masons Local 22 Pension Plan and its Board of Trustees. Judgment will be entered accordingly.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

17

Date: December 10, 2014

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE